# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>   PLAINTIFF, | CIVIL ACTION<br>NO. 6:21-CV-03421 |
| v. | JURY DEMAND |
| DON'S SPECIALTY MEATS, INC.,<br>   DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Kevin Arceneaux ("Mr. Arceneaux"). As alleged with greater particularity below, the defendant, Don's Specialty Meats, Inc., subjected Mr. Arceneaux to a hostile work environment and constructively discharged Mr. Arceneaux because of his race.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Don's Specialty Meats, Inc. has continuously been a corporation doing business in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, Don's Specialty Meats, Inc. has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this action, Mr. Arceneaux filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by Don's Specialty Meats, Inc.

7. On or about August 2, 2021, the Commission issued to Don's Specialty Meats, Inc. a letter of determination ("determination") finding reasonable cause to believe that Don's Specialty Meats, Inc. violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Don's Specialty Meats, Inc. to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about August 10, 2021, the Commission issued to Don's Specialty Meats, Inc. a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least 2018, Don's Specialty Meats, Inc. has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a).

   A. Don's Specialty Meats, Inc. prepares and sells meat products (including boudin, cracklings, chicken, pork, and beef), prepared foods, and other grocery items.

   B. Don's Specialty Meats, Inc. has facilities in Scott, Louisiana, and Carencro, Louisiana.

   C. Between 2018 and 2020, Don's Specialty Meats, Inc. employed Mr. Arceneaux preparing food at the Scott facility and then later at the Carencro facility.

   D. Mr. Arceneaux is African American.

   E. Don's Specialty Meats, Inc. always had at least 79 employees between 2018 and 2020. While Mr. Arceneaux was at each facility, he was one of just two African American employees.

   F. Throughout his employment, Mr. Arceneaux was subjected to a hostile work environment because of race.

G. The general manager routinely referred to Mr. Arceneaux as "Black boy," "the Black boy," or "little Black guy." In addition, Mr. Arceneaux was identified as "Black boy" on the schedule; non-African American employees were identified by name.

H. The general manager and other employees routinely used racial slurs in the presence of Mr. Arceneaux. For example, the general manager said "there is a difference between being a 'nigger' and being a "nigga,'" that "once you are with a nigger you are always with a nigger," and that another employee's African American child was a "nigger baby."

I. A manager told him that Don's Specialty Meats, Inc. was hiring, but that applicants "just can't be Black" and that the general manager "don't want them to be Black."

J. In addition to preparing food, Mr. Arceneaux was required to pick up trash and debris on a public road. Non-African American employees were not required to do this. A manager told Mr. Arceneaux that the general manager told the manager to have "the Black boy" do it.

K. On or about July 8, 2020, Mr. Arceneaux's supervisor repeatedly called him a "bitch ass nigger" in the presence of other employees. Mr. Arceneaux immediately complained in person to several other managers. The supervisor, who was with Mr. Arceneaux when he complained to the managers, continued to call him a "bitch ass nigger" in the presence of those managers. The managers did not tell the supervisor to stop using the slur and took no other corrective action. A manager then dismissed Mr.

Arceneaux—but not the supervisor—for the remainder of his shift. Mr. Arceneaux subsequently complained in writing.

L.  On or about July 9, 2020, the general manager told Mr. Arceneaux that he would not reprimand his supervisor, and in the presence of other employees, the general manager told Mr. Arceneaux that "he loved [Mr. Arceneaux], but [that he] was still a bitch ass nigger."

M.  The harassment described herein was severe or pervasive and materially altered the terms or conditions of Mr. Arceneaux's employment.

12.  The working conditions at Don's Specialty Meats, Inc. so intolerable that a reasonable employee in the circumstances would feel compelled to resign.

N.  On or about July 10, 2020, Mr. Arceneaux resigned.

O.  Don's Specialty Meats, Inc. purportedly "disciplined" the supervisor by prohibiting her from wearing her Don's Specialty Meats, Inc. shirt for about a day. Don's did not take any prompt, remedial action in regard to the harassment. Don's Specialty Meats, Inc. did not otherwise discipline on any manager or supervisor.

13.  The effect of Don's Specialty Meats, Inc.'s unlawful employment practices complained of above has been to deprive Mr. Arceneaux of equal employment opportunities and otherwise adversely affect his status as an employee because of his race in violation of Title VII.

14.  The unlawful employment practices complained of above were intentional.

15. Don's Specialty Meats, Inc. acted with malice and/or reckless indifference to the federally protected rights of Mr. Arceneaux when it engaged in the unlawful employment practices complained of above.

### Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Don's Specialty Meats, Inc. its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees because of race.

B. Order Don's Specialty Meats, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities for applicants and employees who are African American and that eradicate the effects of its past and present unlawful employment practices.

C. Order Don's Specialty Meats, Inc. to make Mr. Arceneaux whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order Don's Specialty Meats, Inc. to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

E. Order Don's Specialty Meats, Inc. to make and preserve all records relevant to the determination of whether unlawful employment

practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

      F.    Order Don's Specialty Meats, Inc. to make Mr. Arceneaux whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

      G.    Order Don's Specialty Meats, Inc. to make Mr. Arceneaux whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

      H.    Order Don's Specialty Meats, Inc. to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

      I.    Grant such further relief as the Court deems necessary and proper in the public interest.

      J.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

      Respectfully submitted,

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (346) 327-7691
Email: rudy.sustaita@eeoc.gov
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Email: gregory.juge@eeoc.gov
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
**Andrew B. Kingsley**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Email: andrew.kingsley@eeoc.gov
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

**Peter Theis**
Senior Trial Attorney **(Lead)**
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786

COUNSEL FOR U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

    MARK COLE
    730 I-10 SOUTH FRONTAGE ROAD
    SCOTT, LA 70583