UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>PLAINTIFF,<br><br>V.<br><br>DON'S SPECIALTY MEATS, INC.,<br>DEFENDANT. | CIVIL ACTION NO. 6:21-CV-03421<br><br><br>DISTRICT JUDGE MICHAEL J. JUNEAU<br><br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**CONSENT DECREE**

INTRODUCTION

The Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the Defendant, Don's Specialty Meats, Inc., under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Kevin Arceneaux. The EEOC's complaint alleged that Don's Specialty Meats, Inc. discriminated against Mr. Arceneaux because of race. The EEOC's complaint arose from Mr. Arceneaux's charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that Don's Specialty Meats, Inc. violated Title VII. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it. Don's Specialty Meats, Inc. has not admitted and does not admit that it engaged in any unlawful practices.

1

JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation and, having engaged in negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because as alleged in the complaint the unlawful employment practices were and are now being committed in Louisiana.

The parties agree that this Court has personal jurisdiction over them. Don's Specialty Meats, Inc. agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1. This Decree resolves all claims and issues raised in Mr. Arceneaux's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Don's Specialty Meats, Inc.

3.     The parties shall each bear any costs and attorneys' fees they incurred in connection with this action, except that Don's Specialty Meats, Inc. may be required to bear any costs and attorneys' fees the EEOC incurs in enforcing this Decree. Don's Specialty Meats, Inc. will bear all costs and attorneys' fees necessary for them to comply with this Decree.

4.     This Decree constitutes a judgment against Don's Specialty Meats, Inc.

5.     This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

6.     This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

7.     If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties shall attempt to meet and confer in good faith to decide if and how such a provision shall be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

8.     The parties agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. A party seeking to amend the Decree shall attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

DEFINITIONS

9.     The following definitions apply herein:

   A.     "Don's Specialty Meats, Inc." means and refers to the Defendant, and its predecessors, successors and assigns, and agents.

   B.     "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

    C.    "Parties" mean the EEOC and Don's Specialty Meats, Inc.

    D.    "Charge" or "charge of discrimination" means Mr. Arceneaux's charge of discrimination and amended charge of discrimination, No. 461-2020-01999.

    E.    "Mr. Arceneaux" means Kevin Arceneaux, the Charging Party who filed the charge of discrimination.

    F.    "Days" means calendar—not business—days.

    G.    "Effective date" or "date of entry" means the date the Court enters this Decree.

    H.    "Court" refers to the United States District Court for the Western District of Louisiana.

    I.    "Consent Decree" and "Decree" mean this order.

    J.    "Liaison" means the representative appointed by Don's Specialty Meats, Inc. to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

### DURATION

10.    This Consent Decree will remain in effect for a period of three years from the date of its entry.

### SCOPE

11.    This Decree applies to all businesses and locations operated by Don's Specialty Meats, Inc.

### PAYMENTS

12.    Don's Specialty Meats, Inc., on its own or through its designee, shall pay total, exclusive, and voluntary monetary relief totaling $67,500.00 to settle the claims asserted by EEOC in its Complaint. Such payments, as detailed below, shall be made to Charging Party Kevin

Arceneaux. The monetary relief shall be within ten (10) calendar days of the entry of this Consent Decree as follows:

>   A.   Don's Specialty Meats, Inc. or its designee, shall issue a check made payable to Kevin Arceneaux in the gross amount of $50,000.00 representing compensatory damages (pursuant to 42 U.S.C. § 1981a ) for the Charging Party. Don's Specialty Meats, Inc. shall issue an IRS Form 1099 as set forth in Paragraph 13.
>
>   B.   Don's Specialty Meats, Inc. or its designee, shall issue a check made payable to Kevin Arceneaux in the gross amount of $17,500.00 representing back pay for the Charging Party. Don's Specialty Meats, Inc. shall issue an IRS Form W-2 as set forth in Paragraph 13.

13.   Don's Specialty Meats, Inc. shall make all applicable withholdings from the amount allocated to back pay in Paragraph 12(B) for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and Don's Specialty Meats, Inc. will be solely responsible for paying the employer share of any costs, taxes, or Social Security required by law. Don's Specialty Meats, Inc. will issue an IRS Form W-2 as to Mr. Arceneaux's back pay amount, and will issue withholding statements detailing all legal withholdings made at the time the checks are issued. Don's Specialty Meats, Inc. will also issue an IRS Form 1099 for the compensatory damages (pursuant to 42 U.S.C. § 1981a) and shall make no withholding from this amount.

14.   Don's Specialty Meats, Inc. acknowledges that the total amount of monetary relief is a debt owed to and collectible by the United States.

15.   Don's Specialty Meats, Inc., on its own or through its designee, shall pay the amounts by cashier's checks.

16. Don's Specialty Meats, Inc., on its own or through its designee, shall send the cashier's checks to by certified U.S. mail at the address provided on the Release (attached as Exhibit A) executed by Mr. Arceneaux.

17. Within five days of sending a cashier's check to a claimant, Don's Specialty Meats, Inc., on its own or through its designee, shall send a copy of that cashier's check to the EEOC in the manner specified for notice under this Decree.

18. Don's Specialty Meats, Inc., on its own or through its designee, shall also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms W-2 and 1099) to Mr. Arceneaux via regular U.S. mail at the address on the Release.

NONDISCRIMINATORY PRACTICES

19. Don's Specialty Meats, Inc. shall take all affirmative steps to ensure that it does not discriminate against its employees by subjecting them to a hostile work environment based on race.

20. Don's Specialty Meats, Inc. shall take all affirmative steps to ensure that it does not discriminate based on race in hiring or in the terms and conditions of employment.

21. Don's Specialty Meats, Inc. is hereby enjoined from engaging in, encouraging or permitting conduct that discriminates against employees on the basis of race, including but not limited to race-based harassment or the creation of a hostile work environment.

22. Don's Specialty Meats, Inc. is hereby enjoined from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, or (4) has engaged in protected activity under Title VII.

### REFERENCES

23.     If asked for a job reference regarding Mr. Arceneaux, Don's Specialty Meats, Inc. (a) shall not discuss, mention, or allude to in any way—directly or indirectly—this litigation or the circumstances underlying this litigation and (b) shall provide a response which is at least as favorable as that which it gives to any former employee whose employment concluded voluntarily.

### PERSONNEL FILES

24.     Don's Specialty Meats, Inc. shall exclude from Mr. Arceneaux's personnel file, segregate, and keep confidential, anything related to this litigation or the circumstances underlying this litigation.

### LIAISON

25.     Within 15 days of the entry of this Decree, Don's Specialty Meats, Inc. shall designate a liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent liaison, Don's Specialty Meats, Inc. shall designate another liaison. The liaison shall be a senior manager or officer at Don's Specialty Meats, Inc. who possesses the knowledge, capability, and resources to ensure that Don's Specialty Meats, Inc. complies with the terms and conditions of the Consent Decree.

26.     Don's Specialty Meats, Inc. shall designate the liaison by providing the EEOC with a declaration from Don's Specialty Meats, Inc.'s chief officer and/or president that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Don's Specialty Meats, Inc. has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Don's Specialty Meats, Inc.'s behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be

attributable to Don's Specialty Meats, Inc., and (d) that the liaison directly reports to and is supervised by Don's Specialty Meats, Inc.'s chief executive officer and/or president.

27. Within 45 days of designating a liaison, Don's Specialty Meats, Inc. will provide the liaison with a training session on the terms and conditions of the Decree, to be conducted by either counsel of record in this action for Don's Specialty Meats, Inc. or an attorney with at least five years' experience in employment discrimination practice.

28. Within 15 days of the training session, Don's Specialty Meats, Inc. shall provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

## REPORTS

29. Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree, Don's Specialty Meats, Inc. shall, through the liaison, provide the EEOC with a report containing, but not limited to, the following:

    A. A declaration by the liaison affirming that Don's Specialty Meats, Inc. has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy their failure to comply. The declaration shall itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

    B. All anti-discrimination, anti-harassment, and anti-retaliation policies enacted, modified, or revoked since the last report.

    C. A list of all employees who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

  D. A list of all employees who did not receive training required under this Decree containing the employees' names, job titles, and facility.

  E. All materials related to any report or complaint — whether formal or informal, written or oral — of discrimination based on race.

### TRAINING

30. Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Don's Specialty Meats, Inc. shall provide each of its employees with a one-hour training advising them of the requirements and prohibitions of the various anti-discrimination laws and regulations enforced by the EEOC, with emphasis on the Title VII, specifically to include the following:

  A. Summary of the EEOC's Complaint and this Consent Decree.

  B. The purpose and fundamentals of Title VII.

  C. Employees' and applicants' rights under Title VII.

  D. Don's Specialty Meats, Inc.'s responsibilities under the Title VII.

  E. Procedure for reporting discrimination and retaliation to Don's Specialty Meats, Inc.

  F. Procedure for reporting discrimination and retaliation to the EEOC.

31. The training sessions shall be in person or via live videoconference in which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

32. At least 60 days before each training session, Don's Specialty Meats, Inc. shall provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials

for the training. The trainer shall be an attorney with at least five years' experience in employment discrimination practice. The EEOC may reject the trainer, the outline, or the materials within 14 days. If the EEOC does so, Don's Specialty Meats, Inc. shall provide the EEOC with the name and resume of a new trainer, a new outline, and/or new materials, as necessary, within seven days.

33.    Within 15 days after each training session, Don's Specialty Meats, Inc. shall provide the EEOC a sign-in registry for the training session and a declaration by the liaison affirming that all employees attended the training session.

## POLICIES

34.    Beginning within 90 days from the entry of this Decree, Don's Specialty Meats, Inc. shall reduce to writing and maintain a policy or policies that, at a minimum, meets the following criteria:

    A.    Shall prohibit discrimination, harassment, and retaliation against any employee and/or applicant in violation of the Title VII.

    B.    Shall prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of the Title VII.

    C.    Shall provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the Title VII and provide a process by which Don's Specialty Meats, Inc. will investigate and resolve all such reports and complaints.

  D. Shall provide that a senior manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination, harassment, and retaliation prohibited by Title VII.

  E. Shall provide that anyone who engages in retaliation prohibited by Title VII will be disciplined, up to and including discharge.

35. Don's Specialty Meats, Inc., shall distribute copies of the policy or policies to all employees. A copy of the policy or policies shall be included in any relevant company or employee manual or handbook, and shall be provided and explained during any new employee onboarding process. The policy or policies shall be kept and maintained in a conspicuous and accessible place for all employees.

36. Within 15 days of implementing, modifying, or revoking any such policy, Don's Specialty Meats, Inc. shall provide the EEOC with the policy.

RECORDS

37. Don's Specialty Meats, Inc. shall preserve and maintain all materials, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

38. Don's Specialty Meats, Inc. shall preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

39. Don's Specialty Meats, Inc. shall comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this this

Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

## MONITORING

40.     Don's Specialty Meats, Inc., for the duration of this Consent Decree, will make all employees available for interviews for purposes of determining and/or monitoring Don's Specialty Meats, Inc., compliance with this Decree.

41.     Don's Specialty Meats, Inc. shall comply with all reasonable requests by the EEOC for materials which are related to its monitoring of compliance with this Decree.

## COMMUNICATION

42.     Don's Specialty Meats, Inc. shall send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Don's Specialty Meats, Inc.'s attorneys of record via email to **all** of the following addresses:

> peter.theis@eeoc.gov
> andrew.kingsley@eeoc.gov
> elizabeth.owen@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications.) Only an acknowledgment from the EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

## POSTINGS

43.     Within 10 days of the entry of this Decree, Don's Specialty Meats, Inc. shall post a Notice to Employees, attached hereto as Exhibit B, enlarged to at least 11 by 17 inches, in all

locations in the place where other notices to employees and/or applicants are customarily posted. It shall remain there for the duration of this Decree.

SUCCESSORS

44.     Don's Specialty Meats, Inc. shall provide notice to the EEOC and shall provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of Don's Specialty Meats, Inc. at least 90 days prior to the effectiveness of such acquisition, merger, ownership, management, or membership.

ENFORCEMENT

45.     The EEOC may seek immediate relief at any time from the Court if Don's Specialty Meats, Inc. fails to comply with any term or condition of the Decree. If the EEOC requests such relief and the Court determines that Don's Specialty Meats, Inc. failed to comply with any such a term or condition, the Court may (1) fine it, (2) hold it, as well as its owners, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate, including an award of costs and attorneys' fees.

46.     The parties and the Court agree that if the Court finds Don's Specialty Meats, Inc. to have willfully violated the Decree, the Court is empowered to impose liquidated and/or punitive damages consistent with the Title VII.

In Lafayette, Louisiana, this 14th day of January, 2022.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE

Case 6:21-cv-03421-MJJ-CBW   Document 11   Filed 01/14/22   Page 14 of 15 PageID #:  62

**EXHIBIT A**

RELEASE

In consideration for $67,500.00 paid to me by Don's Specialty Meats, Inc., in connection with the resolution of *U.S. Equal Employment Opportunity Don's Specialty Meats, Inc.*, No. :21-CV-03421 (W.D. La.), I, ___Kevin Arceneaux___ , waive my right to recover for any claims arising under Title VII that I had against Don's Specialty Meats, Inc. prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's complaint in the above-referenced action.

This _____ day of _____ , _____ .
          DAY             MONTH          YEAR

SIGNATURE

**ADDRESS:**

_____
ADDRESS

_____

_____
CITY        STATE      ZIP CODE

**EXHIBIT B**

NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. Don's Specialty Meats, Inc.*, No. 6:21-CV-03421 (W.D. Louisiana). Don's Specialty Meats, Inc. has not admitted and does not admit that it engaged in any unlawful practices.

Title VII of the Civil Rights Act of 1964 ("Title VII") protects individuals from employment discrimination because of race. Don's Specialty Meats, Inc., will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of Don's Specialty Meats, Inc., to treat employees equally, regardless of sex, race, color, religion, national origin, age, disability, or pregnancy status. Don's Specialty Meats, Inc., adheres to its policy of prohibiting discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Non- Discrimination Act ("GINA"), the Equal Pay Act ("EPA") of 1963, and/or the Americans with Disabilities Act ("ADA").

Don's Specialty Meats, Inc., also assures its employees that its commitment to following these federal laws includes not taking any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Don's Specialty Meats, Inc., will take appropriate corrective action against any employee (including management personnel) or independent contractor found to have violated its policy prohibiting discrimination and retaliation in any form.

.
If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

| | |
|---|---|
| *Address*: | Attn: Legal Unit |
| | U.S. Equal Employment Opportunity Commission |
| | 500 Poydras Street, Suite 809 |
| | New Orleans, LA 70130 |
| *Telephone*: | 504-635-2533 |
| *E-mail*: | peter.theis@eeoc.gov, andrew.kingsley@eeoc.gov, |
| | elizabeth.owen@eeoc.gov or gregory.juge@eeoc.gov |
| *Website*: | www.eeoc.gov |

This Notice to Employees shall remain posted continuously by Don's Specialty Meats, Inc., for three years from the date stamped in the header above. This Notice to Employees shall not be altered, defaced, removed, or covered.